Doc. Number    Case Number
113            02-C-0376-C
United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz

Filed/Received
12/08/2003 04:47:15 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUE MERCIER, ELIZABETH J. ASH,
ANGELA BELCASTER, JANET BOHN,
JULIE CHAMBERLAIN, MAUREEN
FREEDLAND, DAVID GOODE, BETTY
HAMMOND, CURT LEITZ, CONSTANCE R.
LONG, DAVID W. LONG, MYRNA D.
PEACOCK, BECKY POST, JAMES L.
REYNOLDS, ELLEN DODGE SEVERSON,
ERIC SEVERSON, LESLIE SLAUENWHIT,
HERMAN S. WIERSGALLA, HOWARD
WIERSGALLA, JAMES E. WIFFLER,
ROBERT WINGATE, HENRY ZUMACH and
FREEDOM FROM RELIGION FOUNDATION, INC.,

        Plaintiffs,

v.

        Case No. 02-C-0376-C

CITY OF LA CROSSE,

        Defendant.

---

RESPONSE BRIEF OF DEFENDANT, CITY OF LA CROSSE TO INTERVENOR-DEFENDANT FRATERNAL ORDER OF EAGLES, LA CROSSE AERIE 1254'S MOTION FOR SUMMARY JUDGMENT

---

        In this brief the City of La Crosse (City) addresses additional issues brought by Intervenor-Defendant Fraternal Order of Eagles, La Crosse Aerie 1254 (FOE) in its brief in support of motion for summary judgment.

SALE OF PARCEL

        The question is whether defendant had a secular purpose in selling the parcel to the Eagles. The purposes for which the City sold the parcel of land to the Eagles were:

1. To end any perceived endorsement of religion, and

2. As a means to avoid litigation.

(Affidavit of Nikki M. Elsen, p. 4)

In cases of violations of the Establishment Clause by a government entity the government entity has the burden to take steps to obviate the violation. O'Bannon, 259 F. 3d at 771. While it may be argued that the city in this case only altered its behavior as minimally as possible as long as the steps taken obviate the religious perception of the monument with the city, the city's actions should be upheld. No evidence in the record supports a finding that the motives of the council were improper. The facts show that any perceived endorsement by the defendant of the religious expression has ceased. The parcel was sold to the Eagles with minimum restrictions that do not require the Eagles to maintain the monument. (Affidavit of Robert Berg, p. 12 Exhibit D). There is no evidence that has been presented that would indicate the city expects the monument to remain on the site in perpetuity. There is no evidence presented to indicate that the City continues to exercise duties of ownership over the parcel and particularly the Monument. (Affidavit of Robert Berg, p. 12, Exhibit D). The City itself put up a fence and disclaimer identifying that the parcel is no longer owned by the City of La Crosse and that the religious views expressed thereupon are of a private party. (Affidavit of Robert A. Berg, p. 15-17, Exhibit E & F). The City does not maintain nor expend funds in maintaining the parcel or the display of the monument. (Affidavit of Robert W. Berg, p. 10). In fact, it has never done so. (Affidavit of Robert W. Berg, p. 10).

What we need to be concerned with is not what arguments and innuendos can be made but, rather, what facts have been presented to this court. There are no facts presented to support an argument that the city did not sell the parcel at fair market value. The council resolution states that the city assessor is to determine the fair market value of the parcel to be sold. (Affidavit of Nikki M. Elsen, p. 4). The intent of the council is clear. The argument is really focused on the method chosen by the city assessor and used to determine fair market value. If there is a dispute over what amount is fair market value that is not an issue to be decided by this court. It is the language used in the council resolution that determines what the intent of the council was. The council intended on selling the parcel for fair market value. Regardless of whether the actual amount paid by the Eagles was fair market value or less than fair market value is not relevant to the issue of the intent of the council.

The evidence that has been presented to this court for consideration of the validity of the sale consists of the council resolution, board of public works resolution, HPU resolution, city plan commission resolution, park board resolution and the deed. The individual comments of one member of the park board cannot taint the entire board and does not indicate the "motives" of the entire board. The determination and the vote itself is what indicates the motives of the entire board. Unless each member of the board and common council is polled there is no inference that can be drawn to reflect the intentions of the city and that is an inappropriate inquiry.

## THE REASONABLE OBSERVER

No reasonable observer would continue to believe that the City endorses the religious expression on the monument. The reasonable observer, aware of the history and context of the monument in the community, is aware that the Eagles donated and has maintained the monument throughout the history of its placement. The reasonable observer, familiar with the history of the monument in the community, is aware that the Eagles are located directly across the street from the monument. The reasonable observer in this community is aware that the religious viewpoint is that of the Eagles and not of the City. This perception has been furthered by the sale of the parcel to the Eagles and by the placement of fencing and signs by the Eagles and a fence and disclaimer placed by the City.

There is a difference between government speech endorsing religion and private speech endorsing religion. The facts in this case concern private speech endorsing religion. The reasonable observer in this community never attributed the speech to the City. It has always been known that the Eagles gave the display and cared for it. In fact, the recent fencing and signage also provides notice, to the reasonable observer outside this community, that the City does not endorse the religious speech.

## A REMEDY MUST BE DIRECTED AT THE CONDUCT OF THE CITY

The establishment clause prohibits certain forms of government conduct and also imposes affirmative obligations that may require that certain steps be taken to avoid the perception of endorsing a private religious message. Freedom From Religion Foundation, Inc. v. City of Marshfield, 203 F.3d 487, 497 (7th Cir. 2000). In the

4

Marshfield case, the Court realized the particular circumstances whereby their holding limited private speech in a public forum, commenting "any remedy must be narrowly tailored to avoid an establishment clause violation". Freedom From Religion Foundation, Inc. v. City of Marshfield, 203 F.3d at 497. The court further noted "because the government may not view private religious speech to be inappropriate merely because of its content, the only redressable harm that the City must correct is the perception that it has endorsed the speech." Freedom From Religion Foundation, Inc. v. City of Marshfield, 203 F.3d at 497. The court indicated that the appropriate solution was not to estop a private landowner from exercising its right to free exercise and freedom of speech on its own property, but rather, to require the City to appropriately distinguish its property from the private landowner's property. Freedom From Religion Foundation, Inc. v. City of Marshfield, 203 F.3d at 497.

Our Supreme Court has said, "The controlling principle consistently expounded in our holdings is that the scope of the remedy is determined by the nature and extent of the constitutional violation." Milliken v. Bradley, 418 U.S. 717, 744, 94 S. Ct. 3112, 3127 (1974). The remedy is to be directed at the conduct of the City. *See* Doe v. Small, 964 F.2d 611, 620-621 (7th Cir. 1992). The issue to be redressed is not the private religious speech itself, but rather the perception that the government, through its conduct, has endorsed the speech. Doe v. Small, 964 F.2d at 620. Any remedy must be narrowly tailored to address the violations of the government action or conduct. Doe v. Small, 964 F.2d at 620. A remedy is narrowly tailored "if it targets and eliminates no more than the exact source of the 'evil' it seeks to remedy". Doe v. Small, 964 F.2d at 620. Courts

5

have recognized "that the government can take steps to remove indicia of endorsement of private religious speech. Doe v. Small, 964 F.2d at 621. At this point, if the Ten Commandments were removed and replaced with the plaque consisting of wording approved by the plaintiffs, there would be no case. It is only because the Eagles have chosen to display the Ten Commandments that the plaintiffs disapprove. Plaintiffs are asking this court to judge the content of private speech. Nothing forces the Eagles to continue to maintain the Ten Commandments on the property. If they did not want to be involved in this lawsuit, they could remove the Commandments and there would be no remaining challenge. This views private religious speech to be inappropriate merely because of its content. However, the only redressable harm that must be corrected is a perception that the City has endorsed the speech. The most appropriate remedy must be directed at the City and not the Eagles.

The establishment clause may require the removal of a religious display if there is no other "narrowly tailored manner of avoiding the appearance of governmental endorsement of the message." Doe v. Small, 964 F.2d at 622. Where conduct is found to be violative of the establishment clause, a remedy should be fashioned to directly address the violation. Doe v. Small, 964 F.2d at 621. For instance, in Doe v. Small, the court provided examples of remedies it viewed as appropriate to the circumstances. For example, "If a city council's resolution endorsing the "activities" of the Jaycees constituted an endorsement of the paintings, the Court should have ordered a rescission of the resolution; if the mayor's comments expressing approval of the paintings were inappropriate, the Court could have enjoined further such statements or even required a

6

retraction; if the Court felt that the very presence of the paintings in the park provided evidence of an endorsement, it could have order the city to post a more visible sign of its own specifically disclaiming any association with the paintings. Doe v. Small, 964 F.2d at 621. The 7th Circuit informs the District Court that it could have fashioned any number of remedies to remove the alleged endorsement "without infringing on the rights of private parties to engage in religious expression in Washington Park…" Doe v. Small, 964 F.2d at 621.

In Indiana Civil Liberties Union v. O'Bannon, 259 F. 3d 766 (7th Cir. 2001) review denied 534 U.S. 1162 (2002), the court considered the location of the monument. The O'Bannon court said the fact that the monument was to be placed at the seat of government deserved "particularly careful scrutiny." Id. at 772. Another factor the 7th Circuit considers deserving of review is whether there is anything in place to lessen the effect of the religious message conveyed. Physical setting is a distinguishing factor to consider. American Jewish Congress v. City of Chicago, 827 F. 2d 120, 126 (7th Cir. 1987).

In this case the city, by legislative action, chose one method among others to end any perceived religious endorsement. As long as the action ends the perceived endorsement why should the courts be able to decide what method a governmental entity chooses? There are circuit court cases and Supreme Court cases in which an offending governmental entity modified a display of a religious article for the sole purpose of mitigating its unconstitutional religious endorsement. That is precisely what happened in this case. The motives of the common council are presumed to be constitutional.

7

## CONCLUSION

The City asks this court to grant defendant-FOE's motion for summary judgment dismissing the plaintiff's claims. Although the court finds fault in the method chosen by the Common Council of the City of La Crosse to end any perceived illegal endorsement of religion in this case, it was a final decision of the legislative body. The method chosen is within the standards established by this circuit and is appropriate to the circumstances in this case. A remedy that would force a private party to end its religious speech on private property is beyond the scope of the remedy necessary to fit the nature and extent of any constitutional violation of the City. The City has permanently distanced itself from the religious content of the display and any perception of illegal endorsement of religion by the city has been extinguished.

Dated this 8th day of December, 2003.

CITY OF LA CROSSE

BY: _____
Patrick J. Houlihan, City Attorney
State Bar No.: 1014519
400 La Crosse Street
La Crosse WI 54601
(608) 789-7511